PER CURIAM.
This matter is before the Court for consideration of proposed amendments to the Florida Rules of Juvenile Procedure. We have jurisdiction. See art. V, § 2(a), Fla. Const.
The Steering Committee on Families and Children in the Court (Steering Committee) has filed a petition seeking to amend Florida Rule of Juvenile Procedure 8.255, General Provisions for Hearing. The petition was filed in conjunction with the Steering Committee’s Report containing administrative recommendations in response to the charges given to the Steering Committee in the Court’s August 30, 2006, administrative order. In re Steering Committee on Families and Children in the Court, Fla. Admin. Order No. AOSC06-30 (Aug. 30, 2006) (on file with Clerk, Fla. Sup.Ct.). The Steering Committee was charged with, among other things, “[e]xamin[ing] the role of courts in dependency cases in which children leave the foster care system without a permanent family, such as when the child reaches adulthood and ‘ages out’ of the foster care system.” Id. at 2. Additionally, the Steering Committee was asked to “develop recommendations for courts handling these cases and formulate an action plan for implementing those recommendations by the court system.” Id.
The Steering Committee’s proposed amendment to rule 8.255 would require a child who is in licensed foster care or foster care with “another planned permanent living arrangement” goal, and who is at least sixteen years old, to attend all court hearings, unless the child’s presence is excused based on a showing of good cause. The amendment also would permit any party to file a motion to excuse the presence of the child. The Steering Committee states that the proposed amendment is intended to implement section 39.701(6)(a), Florida Statutes (2008). That section requires the court in dependency proceedings to hold a judicial review hearing within ninety days after a child’s seventeenth birthday and requires that the child “be given the opportunity to address the court with any information relevant to the child’s best interests, particularly as it relates to independent living transition services.” § 39.701(6)(a), Fla. Stat. (2008). The Steering Committee states that current court practices vary as to whether children appear at dependency case hearings, including judicial review hearings. In support of its proposal, the Steering Committee asserts that a child’s personal appearance in court affords the best opportunity for the court to carry out legislative intent under section 39.701(a)(l)-(10), Florida Statutes (2008), that children who are “aging out” of the dependency system are receiving appropriate services and are prepared for adulthood. The Steering Committee states that its proposal requires court attendance by children who are at least sixteen in order to ensure that the age group specified in section 39.701(6)(a) is able to meaningfully “address the court” as anticipated by the statute.
The Steering Committee’s proposed amendment to rule 8.255 was published for *1241 comment, and two comments were filed, one from the Statewide Guardian Ad Li-tem Office (GAL) and one from the Juvenile Court Rules Committee (Rules Committee). The Steering Committee, the GAL, and the Rules Committee also participated in oral argument in this case, which was held on February 3, 2009.
After consideration of the Steering Committee’s proposal, the comments, and the parties’ presentations at oral argument, we decline to adopt the amendment to rule 8.255. Rule 8.255 already recognizes a child’s right to be present at hearings in dependency cases regardless of the child’s age, and while we agree with the Steering Committee that, in many instances, a child’s presence and meaningful participation in dependency proceedings is critical, the Legislature has already clearly spoken with regard to the issue the Steering Committee seeks to address. Section 39.701(6)(a) requires the court in dependency proceedings to hold a judicial review hearing within ninety days after a child’s seventeenth birthday and continue to hold timely judicial review hearings thereafter. § 39.701(6)(a), Fla. Stat. (2008). Further, at each judicial review hearing held under section 39.701(6)(a), the statute requires that “the child shall be given the opportunity to address the court with any information relevant to the child’s best interests, particularly as it relates to independent living transition services.” Id. In addition, the Department of Children and Family Services must provide the court with written verification that the child “[h]as been encouraged to attend all judicial review hearings occurring after his or her 17th birthday.” § 39.701(6)(a)(10), Fla. Stat. (2008). The Steering Committee’s proposal is at variance with these clear provisions, and thus, we decline to adopt it.
Although we decline to adopt the proposed amendment, we agree with the Committee’s well intended goal of increasing appropriate attendance and meaningful participation of youth in dependency proceedings, especially those “aging out” of the system and preparing for independent living. We would also encourage those involved in the dependency process to seek legislative action to further this goal. We also thank the Steering Committee, the Guardian Ad Litem Program, and the Juvenile Court Rules Committee for their tireless service and, specifically, for their invaluable participation in the Court’s consideration of these important issues.
It is so ordered.
WELLS, CANADY, POLSTON, and LABARGA, JJ., concur.
PARIENTE, J., dissents with an opinion, in which QUINCE, C.J., and LEWIS, J., concur.