PARIENTE, J.,
concurring.
I commend the Florida Bar’s Juvenile Rules Committee for proposing amendments to rule 8.255(b) that will strengthen the provision that children have a right to be at hearings in their dependency cases. When this Court last made amendments to rule 8.255(b), I explained my view of the overriding purpose of the rule:
I read this rule as ensuring that children have the right to be present and be heard on the important issues affecting their lives. And certainly, as the child becomes a young adult, nothing can be more important than giving the child a *144 voice in planning his or her future, ensuring that the child is aware of the services available, and is in fact taking advantage of and receiving the services provided by statute.
In re Amendments to Fla. Rule of Juvenile Procedure 8.255, 3 So.3d 1239, 1245 (Fla.2009) (Pariente, J., dissenting).
I agree with the addition of rule 8.255(b) because it ensures that before a hearing proceeds without the presence of a child, the trial court “shall inquire and determine the reason for the absence of the child.” In those cases where the child has an attorney or a guardian ad litem, the inquiry will assist the trial court in making sure that there was a specific informed reason for the child’s absence. When the child has neither a lawyer nor a guardian ad litem, the trial court must take steps to ensure that there is a meaningful inquiry as to why the child is absent.
At the core of the intent of the rule is the child’s right to be present. Unless the trial court affirmatively determines that it would be to the child’s detriment to be present based on specific facts and circumstances in that case, the trial court should ensure that the child is both present and has a meaningful opportunity to be heard. As set forth in Florida’s Dependency Benchbook (2011), a collaborative effort by Florida dependency judges and stakeholders throughout the State, the following explanation is given for the importance of children at hearings:
Aligning with the principles of family-centered practice, Florida courts are embracing the importance of including children and youth in court and are implementing practices that help them actively participate in dependency proceedings.
Florida Statutes define the child as a party to the dependency case. As a party to the case, children must be notified of all court proceedings (unless excused by the court when the age, capacity, or other condition of the child is such that notice would be meaningless or detrimental to the child). Furthermore, the federal Adoptions and Safe Families Act requires the court to conduct an age-appropriate consultation with the child during a permanency hearing.
Having the child physically present in court gives the judge an opportunity to observe and validate the child’s well-being and to ensure that the child’s needs are identified and appropriate treatment is provided. Direct observation can validate the Comprehensive Behavioral Assessment to give the judge the best information for making decisions about the child’s placement and recommendations for services.
This model serves as suggested guidelines for how to encourage children of all ages to actively participate in their dependency cases. It provides guidance on issues related to including children in all segments of the dependency proceedings so that Florida’s children are able to have a voice in the services that are provided and ultimately in the aspects of the case that impact their lives. Allowing children to actively participate in court proceedings is an important aspect of family-centered practice.
Id. at 4-1.[2] My hope is that the amendments to rule 8.255(b) will help to ensure *145 that our children in dependency cases are both present and have a meaningful opportunity to be heard.
APPENDIX
RULE 8.255. GENERAL PROVISIONS FOR HEARINGS
(a) [No change]
(b) Presence of Child.
(1) The child has a right to be present at tfaeall hearings unless the-eour-t-fiads that -the child’s mental or ph-ysical-condition-or-age-is-such that a court appearance is not in the best-interest , of the child.
(2) If the child is present at the hearing, the court may excuse the child from any portion of the hearing when the court determines that it would not be in the child’s best interest to remain.
(3) If a child is not present at a hearing, the court shall inquire and determine the reason for the absence of the child. The court shall determine whether it is in the best interest of the child to conduct the hearing without the presence of the child or to continue the hearing to provide the child an opportunity to be present at the hearing.
(4) Any party may file a motion to require or excuse the presence of the child.
(c)-(h) [No change]
Committee Notes
[No change]

. This excellent benchbook is a product of the statewide Dependency Court Improvement Panel, chaired by the Honorable Jeri B. Cohen, with support from the Office of Court Improvement. The benchbook is a compilation of "promising and science-informed practices as well as a legal resource guide. It is a comprehensive tool for judges, providing information regarding legal and non-legal *145 considerations in dependency cases." Id. at 1-1.